St. Louis & San Francisco Railroad Company *v.* Carlisle.

Opinion delivered June 10, 1905.

Railroad—stock killing—negligence.—A verdict against a railroad company for negligence in killing a mule is sustained by evidence that the animal was on defendant's right of way and track, going from the train some distance before it was struck, and that the vision along the track was clear at least a quarter of a mile from the point where the mule entered the right of way near the track.

Appeal from Washington Circuit Court.

John N. Tillman, Judge.

Affirmed.

*L. F. Parker* and *B. R. Davidson,* for appellant.

The plaintiff was not entitled to recover. 67 Ark. 514; 66 Ark. 439; 53 Ark. 96; 47 Ark. 321; 41 Ark. 161; 40 Ark. 336; 39 Ark. 413. The jury should have been instructed that there was no negligence on the part of appellant. 13 Oh. St. 66; 77 Mich. 591; 106 N. C. 272; 1 S. W. 790.

*Walker & Walker,* for appellee.

The question of negligence was properly submitted to the jury. 43 Ark. 229.

Hill, C. J. This is an action against the appellant railroad company for negligently killing appellee's mule. There was a verdict and judgment in favor of appellee. The court gave one general instruction, and it was in entire accord with the statute governing these cases.

At the instance of appellant the court gave ten instructions, and refused three. Those given presented fairly every phase of the appellant's case which it was entitled to have considered, and some more favorably for it than the law authorized. The first one refused was a peremptory instruction, which ought not to have been given. The next instruction refused stated that it was not negligence to run the train at fifty or fifty-five miles an hour. The court had just instructed, at instance of appellant, that the company was not required to run its train at a low rate of speed as to one who owned stock and allowed it to range in the vicinity of the track. The last instruction requested, which was refused, stated that if the rate of speed the train was operated was the sole cause of the injury, they should find for the defendant. This was not the issue in the case, but the issue was one of care in the operation of the train—whether slow or fast—and that question was properly and fairly presented in instructions framed by the appellant.

On the evidence, the jury, if they believed plaintiff's witnesses, were amply justified in finding the verdict. The mule killed was on the right of way and track going from the train some distance before it was struck, and the vision along the track was clear at least a quarter of a mile from the point where the mule entered the right of way near the track. At the rate of speed the train was running it was evidently a sufficient distance away from the mule to have prevented the injury if action towards slacking the speed had been begun earlier. In fact, it is doubtful if it was slackened at all.

Judgment affirmed.