ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY *v.* THOMPSON.

Opinion delivered June 17, 1905.

RAILROAD—NEGLIGENCE—KILLING STOCK.—Where a railroad company admitted the killing of stock, and the testimony of the engineer and fireman sustained the allegation that the killing was unavoidable, a verdict against the company will not be set aside if there was evidence tending to impeach the correctness of their testimony.

Appeal from Madison Circuit Court.

JOHN N. TILLMAN, Judge.

Affirmed.

*L. F. Parker* and *B. R. Davidson,* for appellant.

The record fails to show any negligence on the part of appellant.   39 Ark. 413; 40 Ark. 336; 41 Ark. 161; 47 Ark. 321; 53 Ark. 96; 66 Ark. 439; 67 Ark. 514.

*E. B. Wall,* for appellee.

Upon disputed facts the verdict will not be disturbed.   51 Ark. 467; 31 Ark. 163; 25 Ark. 474.   The proof of appellant did not overcome the statutory presumption of negligence.   64 Ark. 236.   The issue of fact was properly submitted to the jury.   71 Ark. 445; 66 Ark. 363; 62 Ark. 63.

Hill, C. J.   This was an action for killing a cow by appellant railroad company.   The appellant admitted the killing of the cow by the train, and assumed the burden of proof that it was not negligently killed.   The testimony of the engineer and fireman sustained the allegation that it was unavoidable, and the case is brought here on the sole ground that the jury arbitrarily discarded their testimony in finding for the appellee.   The engineer's testimony was weakened on cross-examination, and contradictions with a previous statement shown.   The fireman's testimony, while fully sustaining the allegation that it was an unavoidable accident, did not in all respects accord with the engineer's version of the matter.   The appellee introduced evidence tending to prove the cow could have been seen much further than the testimony of the engineer and fireman showed it could have been. It is true, this testimony was directed to the vision along the track in the day time, but, assuming the engine was equipped with a proper headlight, it was contradictory to the testimony of the engineer and fireman as to the distance of unobstructed vision at night.

The court is of opinion that this is not a case where the refusal to believe the engineer and fireman is arbitrary and without cause, but it presented a conflict in the testimony rendering the submission of the issue of fact proper, and the finding of the jury final.

The judgment is affirmed.