76    100
f80   274

St. Louis, Iron Mountain & Southern Railway Company

*v.* Kimberlain.

Opinion delivered June 17, 1905.

1. Railroad.—stock-killing—negligence.—Where a train, passing through a town at the rate of forty miles an hour, struck and killed a cow, which came from behind a house distant twenty or thirty feet from the track, testimony of the engineer that it was too late after he saw the cow, when she came from behind the house, to do anything towards checking the speed of the train, and that he did not

have time to give the stock alarm, without going into the particulars, is not sufficient to overcome the statutory presumption of negligence, as the jury might have found that he had time to sound the stock alarm. (Page 101.)

2. SAME—RUNNING TRAIN THROUGH TOWN.—A higher degree of care is required of railroads in running a train at a high rate of speed through a town than when going through the open country. (Page 102.)

Appeal from Jackson Circuit Court.

FREDERICK D. FULKERSON, Judge.

Affirmed.

*B. S. Johnson,* for appellant.

The cause should be reversed and dismissed. 67 Ark. 516; 66 Ark. 439; 53 Ark. 96; 62 Ark. 182; 43 Ark. 225; 66 Ark. 248; 14 Am. & Eng. R. Cas. 30; 83 Ga. 393.

RIDDICK, J. This is an appeal from a judgment against the defendant for damages for killing a cow belonging to plaintiff. The cow was struck and killed by a passenger train on the 19th day of April, 1902. The train was passing at the rate of forty miles an hour through the town of Tuckerman early in the morning of that day, and the cow came from behind an ice house about twenty or thirty feet from the track. The engineer testified that he did not and could not see the cow until it came from behind the ice house going towards the track, and that it was then too late to do anything to avoid striking it. He did not sound any stock alarm, and there was evidence tending to show that no bell was rung for the crossing. It seems clear from the engineer's testimony that it was too late after he saw the cow to do anything towards checking the speed of the train, and he says that he did not have time to even give the stock alarm. But he stated that he did not know whether the cow was walking or running, nor does he state how far the train was below the crossing at the time he first saw the cow. As the cow was twenty or thirty feet from the track at the time she came from behind the ice house, with a ditch between her and the track, it would seem that, unless she was running very fast, he could

have sounded the stock alarm, as that can be done in an instant. He states that he did not have time to do this, but that statement was in the nature of an opinion. As he did not go into particulars, and show how near the train was to the cow, or whether the cow was walking or running, we think the facts are not definitely enough shown for us to say as a matter of law that the jury had no right to disbelieve his statement that he did not have time enough to sound a stock alarm. A higher degree of care is required in running a train at such high rate of speed when passing through a town than when going through an open country. The engineer, passing through this town, should have been on the alert, prepared for instant action, and whether by so doing he might have sounded the stock alarm was, we think, properly left to the jury under the facts proved.

Judgment affirmed.