The judgment is therefore affirmed.

---

St. Louis, Memphis & Southeastern Railway Company

*v.* Shannon.

Opinion delivered June 24, 1905.

Railroad—stock case—defective headlight.—Where the engineer in charge of a locomotive which killed plaintiff's cattle one night testified that he could not have stopped the train under 200 yards, and that his headlight enabled him to see only 100 feet ahead, and there was evidence that a good headlight would have enabled him to see 200 yards ahead, a verdict against the railroad company will be sustained.

Appeal from Randolph Circuit Court.

John W. Meeks, Judge.

Affirmed.

*L. F. Parker* and *Orr & Luster,* for appellant.

*C. H. Henderson,* for appellee.

Riddick, J. This was an action by A. K. Shannon against the railway company to recover damages for the loss of two cows and a calf killed by the train of the company. He recovered judgment for $45. The accident happened on a dark and rainy night. The engineer testified that the train consisted of an engine, a baggage car and passenger coach. He said that he was keep-

ing a careful lookout, and discovered the cattle when they were about 90 or 100 feet ahead; that the headlight on the locomotive was a common oil headlight, and on such a night did not light up the track for more than 90 or 100 feet; and that he could not have discovered the cattle sooner than he did. He further testified that the train was running about fifteen or eighteen miles an hour, and that, though there were only two cars attached to the engine, he could not have stopped under about 200 yards. But a witness for plaintiff testified that, though he had never ridden on an engine, he knew how far a common headlight would light up a track; that he had stood by the side of engines on rainy nights, and in that position could see the track for 200 yards ahead. While this evidence was not very satisfactory, we think it was competent, and it tended to show that the headlight on the engine of defendant, which only gave light for 90 or 100 feet ahead, was of a very inferior kind, and that the company was guilty of negligence in using such a light. For this reason, we think it cannot be said that the verdict is without evidence to support it.

One of the instructions given by the court, if it stood alone, might be misleading; but, when the whole charge is considered. we are of the opinion that it was substantially correct.

Judgment affirmed.